IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY D. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-444-KEW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Jerry D. Buchanan, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C.

1

§423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Claimant was born on January 19, 1976, and was 29 years old at the time of the hearing. He completed the sixth grade. Claimant does not have any past relevant work. He alleges an onset date of April 11, 1996, due to back problems with surgery, intermittent explosive disorder, diabetes mellitus, and obesity.

**Procedural History**

Claimant initially filed an application for Supplemental Security Income on April 25, 1996 under Title XVI of the Social Security Act (42 U.S.C. § 1481, et. seq.). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before an ALJ was held resulting in a decision dated June 22, 1999 denying benefits. The Appeals Counsel denied the request for review. This decision was found to be final and binding. Thus, the first date for consideration of disability is the day after the prior ALJ's decision.

Claimant filed a second application for Supplemental Security Income on July 12, 2004 under Title XVI of the Social Security Act (42 U.S.C § 1481, et seq.). Claimant's application for benefits was denied initially and on reconsideration. A hearing before ALJ Lantz McClain was held on September 15, 2005 in McAlester, Oklahoma. By decision dated April 21, 2006, the ALJ found that Claimant was not disabled at any time through the date of the decision. On August 9, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that

while Claimant's medical conditions were severe, they did not meet a Listing and he retained the residual functional capacity ("RFC") to perform a narrowed range of sedentary work that exists in significant numbers in the national and regional economies.

## Review

Claimant asserts the ALJ committed error requiring reversal in failing to: (1) include all mental restrictions in the RFC determination; and (2) determine Claimant is functionally illiterate.

## RFC Determination

Claimant argues the ALJ's mental RFC determination is inconsistent with substantial medical evidence. Claimant contends the ALJ erred by failing to discuss and explain any discrepancies between the medical evidence in the record and his ultimate conclusions.

The ALJ found that Claimant retained the RFC "to lift and/or carry 10 pounds frequently and five pounds occasionally; stand and/or walk (with normal breaks) at least two hours of an eight-hour workday; and sit (with normal breaks) six hours of an eight-hour workday. Claimant can only occasionally bend/stoop. Claimant can perform simple, repetitive tasks which involve only incidental contact with the public. In other words, [C]laimant can perform a narrowed range of sedentary work." (Tr. 28).

A Mental Residual Functional Capacity Assessment was completed by Karen S. Kendall, Ph.D. on October 26, 2004. She found marked limitations in Claimant's ability to interact appropriately with the public. Moderate limitations were found in Claimant's ability to understand and remember detailed instructions; carry out detailed instructions; accept instructions and respond appropriately to criticism from supervisors; and get along with

4

coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 134-135). Dr. Kendall opined "Claimant can remember, understand and carry out simple instructions under routine supervision. Claimant can relate superficially with coworkers and supervisors for work purposes. Claimant cannot tolerate active involvement with the general public." (Tr. 136).

Here, the ALJ erred by failing to include medical restrictions found by Dr. Kendall or provide a discussion of the reasons for rejecting her opinion. Although an ALJ is not required to discuss every piece of evidence in his decision, he is required to discuss the evidence supporting his decision, the uncontroverted evidence he chooses not to rely upon, and the significantly probative evidence he rejects. Clifton v. Chater, 79 F/3d 1007, 1009-10 (10th Cir. 1996). The ALJ should have explained why he rejected the moderate restrictions on Dr. Kendall's RFC assessment. An ALJ cannot pick and choose selected parts of an uncontradicted medical opinion, taking only those parts that are favorable to a finding of nondisability. Hamlin v. Barnhart, 365 F.3d 1208, 1219 (10th Cir. 2004).

**Illiteracy**

Claimant argues the ALJ erred by relying on the numerical years he was in school to establish his level of literacy where there was significant evidence to suggest Claimant was illiterate. Here, the ALJ found Claimant had a limited education. (Tr. 31).

Claimant testified at the hearing that he attended high school into the 12th grade but did not receive a diploma because he withdrew before graduating. (Tr. 219-220). His grade report reflected that he earned primarily D's and F's in school. (Tr. 219). Claimant was able to read a newspaper with the exception of the "big words." (Tr. 221). He was unable to verify the change he was due when shopping at the grocery store. (Tr. 222). Claimant stated that he had

5

difficulty in his previous work at a hardware store because he was unable to look up the parts in the books. (Tr. 242). Medical records from Mental Health Services of Southern Oklahoma, however, reflects that he is functionally literate. (Tr. 188).

The crucial question on review is whether the record provides substantial evidence of Claimant's literacy. Absent evidence to the contrary, the numerical grade level completed by an individual will be used to determine his educational abilities. 20 C.F.R. § 416.964(b). However, the ALJ is precluded from making a literacy determination based solely upon the educational level of a claimant. Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987).

Evidence was presented in this case that should have alerted the ALJ to inconsistencies between Claimant's educational level and the extent of his ability to read and write. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146, (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). The ALJ's reliance on the numerical years attained in school to establish his literacy is not supported by substantial evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the

6

correct legal standards were not applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 14th day of January, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE